**In re Francis Gilman SMITH, Bankrupt.**

**Bankruptcy No. 79 B 230.**

United States Bankruptcy Court,
D. Colorado.

Nov. 28, 1979.

Roger D. Johnson, Colorado Springs, Colo., trustee, pro se.

Louis Johnson, Colorado Springs, Colo., for James Wilson, General Manager of Colorado Springs Public Utilities Co., and Robert Meyer, Credit Manager of Colorado Springs Public Utilities Co.

David Lee Moore, Fort Collins, Colo., for bankrupt.

MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW UPON CITATION TO SHOW CAUSE WHY RESPONDENTS SHOULD NOT BE FOUND IN CONTEMPT OF COURT

GLEN E. KELLER, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing upon the motion of the Trustee that Respondents be found in contempt for violation of the provisions of Rule 401 F.R.B.P. The testimony reveals a factual scenario which is essentially uncontested. It appears that the City of Colorado Springs Department of Public Utilities operated under a procedure pursuant to which they exerted substantial financial pressure upon bankrupts. The procedure which they used involved calling the bankrupt before them (in this case, immediately following the first meeting of creditors) and demanding a substantial deposit for continued utility service. Upon the protestation of the bankrupt that the deposit was exorbitant and that the bankrupt might not be able to make the deposit, the public utilities department advised that they would then have to terminate utility service unless the prepetition debt were paid. That is precisely what transpired here. The Bankrupt did satisfy the company by paying his prepetition debt,

in part directly, and in part through some grants obtained at the suggestion of the utility company. It appears to the Court from the testimony that it was the policy of the utility company that notwithstanding tariffs which permitted deposits, the deposits were not required of residential customers except in the event of a "problem." No evidence was presented of any problem other than the instant case; that is, bankruptcy. It seems clear to the Court from an examination of the circumstances that slow or late payment was not the matter which compelled the deposit because as soon as the arrearage was paid, no deposit was required. The Court can, therefore, only conclude that the deposit was a calculated effort by the utility company to circumvent the bankruptcy laws of the United States and to impose some requirement of reaffirmation for continued service.

 Congress has effectively dealt with the instant problem in two separate sections of the Bankruptcy Reform Act of 1978 (11 U.S.C. §§ 101, et seq.) which became effective October 1, 1979. The automatic stay in 11 U.S.C. § 362(a)(6) applies to informal collection efforts of all creditors, including public utilities. Further, 11 U.S.C. § 366 allows the debtor to seek a determination of the Bankruptcy Court of the propriety of a requested deposit for postpetition utility service. This case is governed, however, by provisions of the Bankruptcy Act. The Act may permit relief to be sought by the bankrupt which would be equivalent to that provided in the Code. See, e. g., *In re Penn Central Transportation Co.*, 467 F.2d 100 (3rd Cir. 1972). The Bankrupt has not invoked this jurisdiction, however, and it is not a specific order of this Court which the Trustee seeks to enforce. Rather, the Trustee would have the contempt power utilized because of asserted violations of Rule 401(a) F.R.B.P., which provides:

> The filing of a petition shall operate as a stay of the commencement or continuation of any *action* against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt . . . . (Emphasis supplied.)

The difficulty with the Trustee's position is that Rule 401(a) appears to relate to "actions," and that is customarily equated with "suits." See 1A *Collier on Bankruptcy* ¶ 11.03 (14th Ed.). The Court's consideration is confined to a determination of whether the conduct of the utility company transgressed the provisions of Rule 401(a). It does not appear that the utility company commenced an "action" within the purview of that Rule. It must, therefore, be concluded that the conduct of the officers of the utility company was not proscribed by Rule 401(a). Contempt must be founded upon the violation of a specific order of this Court or upon violation of a general rule. While the Court does not hereby condone the activity of the utility company, appropriate proceedings are not before the Court to allow interference. Now, therefore, it is

ORDERED that the citation to show cause why respondents should not be found in contempt of court be and the same hereby is dismissed.